1
2
3
4
5              UNITED STATES DISTRICT COURT
6                    DISTRICT OF NEVADA
7    JAMES ROBB,                          2:10-CV-1580 JCM (LRL)
8              Plaintiff,
9    v.
10   ADMINISTRATIVE TRUST,
11
12             Defendant.
13
14                              **ORDER**

15   Presently before the court is defendant the Trustees of the Construction Industry and Laborers Health and Welfare Trust's (hereinafter "trust") (misidentified as the "Administrative Trust" in the caption) motion to dismiss. (Doc. #7). Plaintiff James Robb filed an opposition. (Doc. #9). Defendant filed a reply in support of its motion. (Doc. #10).

19   The Trust is a multi-employee benefit plan ("the plan") that provides group health benefits to employees, referred to as "plan participants." The plan participants' employers are required to contribute to the Trust pursuant to various collective bargaining agreements. Plaintiff Robb is a plan participant.

23   The plaintiff originally filed a small claims action in Justice Court, Las Vegas Township, Clark County, Nevada, on August 27, 2010. The trust filed a timely notice of removal to this court on September 15, 2010. (Doc. #1). In plaintiff's complaint, he asserts that the Trust owes him $5,000 for "money [the Trust] received from the bankruptcy court in [September 2009] that belonged to [him]." Robb asserts that while living in Las Vegas he was asked to travel to Seattle by his employer,

28

**James C. Mahan**
**U.S. District Judge**

1  T.I. Smith, and that during his employment in Seattle he worked under a reciprocal agreement that
2  required his employer to contribute to the Trust to provide health care coverage for him.

3  After the plaintiff began working in Seattle, his employer filed bankruptcy and quit making
4  contributions to the Trust for his health care benefits. Plaintiff allegedly worked a total of 1,024
5  hours, and his employer was to contribute $4.95 per hour to the trust on his behalf. (Doc. #9). He
6  asserts that upon completion of the job in May of 2008, he approached the Trust regarding his
7  benefits and was denied due to his employer's failure to contribute. After the bankruptcy court
8  liquidated the employer's assets, and after disbursement of the funds to the Trust, plaintiff asserts
9  that the Trust denied him benefits again.

10 In his complaint, plaintiff is seeking the benefits he believes were received by the Trust and
11 are owed to him personally. Defendant asserts that plaintiff's complaint should be dismissed because
12 it fails to state a claim for relief, and, as it involves a claim for recovery of employee benefit plan
13 contributions, it falls within the Employment Retirement Income Security Act's (hereinafter
14 "ERISA") exclusive purview and is therefore preempted.

15 **Motion to Dismiss**

16 Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper when a complaint fails
17 to state a claim upon which relief can be granted. In order for a plaintiff to survive a 12(b)(6) motion,
18 he must "provide the grounds for [] entitlement to relief [which] requires more than labels and
19 conclusions. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547 (2007).

20     **A.**    **ERISA Preemption**

21 Pursuant to section 502(a)(1)(B) of ERISA, an employee benefits plan participant or
22 beneficiary may bring civil action if he believes that benefits promised to him under the plan were
23 not properly provided. *See* 29 U.S.C. § 1132(a)(1)(B); *Aetna Health, Inc. v. Davila,* 542 U.S. 200,
24 208 (2004). The provisions of this section are to be the "exclusive vehicle for actions by ERISA plan
25 participants," *Crull v. GEM Ins. Co.*, 58 F.3d 1386, 1390-91 (9th Cir.1995) (*citing Pilot Life Ins. Co.*
26 *v. Dedeaux*, 481 U.S. 41, 52 (1987)) and "[a]ny state-law cause of action that duplicates,
27 supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1   intent..., and is therefore pre-empted" *Davila,* 542 U.S. at 209.

2   The Ninth Circuit has enumerated a two part test to establish complete preemption; (1) the claim could have been brought under §502, and (2) plaintiff has no independent cause of action besides one that could have been brought under ERISA. *See Martin Gen. Hosp. v. Modesto & Empire traction Co.*, 581 F.3d 941 (9th Cir. 2009) (applying the two part test in *Davila*).

6   Defendant asserts that the plaintiff's claim for $5,000 is "easily characterized as a §502(a)(1)(B) claim to recover benefits" and, as such, is preempted. First, the claim could have been brought under §502, because plaintiff clearly asserts that he believes benefits promised to him under the plan were not properly provided, and attempts to obtain these benefits through his complaint. *See* 29 U.S.C. § 1132(a)(1)(B); *Davila,* 542 U.S. at 200, 208. Second, defendant asserts that plaintiff does not allege in his complaint that he is owed any independent legal duty by the trust nor does any such duty exist. *Id.*

13  As defendant has satisfied the two-part test for preemption under ERISA, this court is inclined to dismiss the complaint. *Martin Gen. Hosp. v. Modesto & Empire traction Co.*, 581 F.3d 941 (9th Cir. 2009); *Davila,* 542 U.S. at 209.

16  **B.     ERISA Conflict Preemption**

17  Defendant asserts that beyond the preemption under §502, plaintiff's claim is also preempted under § 514(a). *See* 29 U.S.C. § 1144(a). This section provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." *Id.* Courts have held that a claim "relates to" ERISA "if it has a connection with or reference to such plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983).

22  Here, as defendant asserts, plaintiff's complaint clearly "relates to" an employee benefit plan because he seeks a refund from the Trust, which is an employee benefit plan. However, as the court held that plaintiff's complaint is preempted under § 502, the court need not fully address this argument.

26  **C.     ERISA §403(c)**

27  Additionally, defendant asserts that the complaint should be dismissed under §

James C. Mahan
U.S. District Judge

- 3 -

1  403(c)(2)(A)(ii) because, as plaintiff is not the *employer,* he is not entitled to any mistaken plan
2  contributions.
3      However, as the court previously held that dismissal was proper under § 503, it need not
4  address defendant's additional argument.
5      Accordingly,
6      IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendant the Trustees of
7  the Construction Industry and Laborers Health and Welfare Trust's motion to dismiss (doc. #7) be,
8  and the same hereby is, GRANTED.
9      IT IS THEREFORE ORDERED that the above captioned case be DISMISSED.
10     DATED March 8, 2011.

                                      **UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -